UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 7 2006 ★

BROOKLYN OFFICE

-------------------------------------------------------x

NAZIR GUMAN,

                Petitioner,

       -against-

LEON PAYANT, Superintendent,
Mohawk Correctional Facility,

                Respondent.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
06-CV-6315 (BMC)

COGAN, United States District Judge:

By petition dated November 13, 2006, *pro se* petitioner Nazir Guman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 Queens County conviction. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation within sixty (60) days of the entry of this Order setting forth why the petition should not be dismissed as time-barred.

## DISCUSSION

The AEDPA, signed into law on April 24, 1996, provides in relevant part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Background

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 appears to be time-barred under the Act. Petitioner alleges that on July 7, 2004, he was sentenced in Queens County Supreme Court to seven to 14 years in prison for Criminal Sale of a Controlled Substance in the Third Degree. See Petition at 1. Petitioner did not appeal his conviction. Since petitioner did not appeal his conviction, the judgment of conviction became final on August 6, 2004, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the

conviction expires). Therefore, petitioner had until August 8, 2005 to file a timely habeas corpus petition. The instant petition, dated November 13, 2006, was filed more than one year after the expiration of the one-year statute of limitation period.

<u>Statutory Tolling</u>

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner states that on December 21, 2005, he filed a motion pursuant to N.Y. Criminal Procedure Law 440.10 ("440 motion"). <u>See</u> Petition at 4, ¶ 11. Petitioner does not state the date his motion was denied by the trial court, but states that on July 17, 2006, the Appellate Division denied his appeal of the denial of that motion. On August 21, 2006, petitioner sought leave to appeal the denial of his 440 motion to the Court of Appeals, which denied his application on October 31, 2006. <u>See</u> Petition at 6, ¶ 12. Petitioner further states that on July 28, 2006, he filed a second, identical 440 motion, but does not state when that motion was denied. <u>See</u> Petition at 4, ¶ 11(b). Finally, petitioner states that he presently has a motion pursuant to N.Y. Criminal Procedure Law 440.20 pending in the trial court. <u>See</u> Petition at 8, ¶ (d).

Although petitioner filed State post-conviction motions, his motions were filed after the one-year statute of limitations period had already expired, and, therefore, cannot serve to toll the limitations period under § 2244(d)(2) to render the instant habeas corpus petition timely. <u>Smith</u>, 208

F.3d at 16.

<u>Equitable Tolling</u>

However, the limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." <u>Id.</u>; <u>see</u> <u>also</u> <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); <u>but</u> <u>see</u> <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation within sixty (60) days from the entry of this Order why the instant petition should not be dismissed as time-barred.[1] <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006) (citing <u>Acosta v. Artuz</u>, 221 F.3d 117, 124-125 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions)). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days in order to allow petitioner to comply with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

be dismissed as time-barred.  28 U.S.C. § 2244(d).

SO ORDERED.

/s/(BMC)

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       December 5 , 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

NAZIR GUMAN,

                Petitioner,

        -against-

LEON PAYANT, Superintendent,
Mohawk Correctional Facility,

               Respondent.

---------------------------------------------------x

**PETITIONER'S AFFIRMATION**
06-CV-6315 (BMC)

STATE OF _____ }
COUNTY OF _____ } SS:

      NAZIR GUMAN, makes the following affirmation under the penalties of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____. The instant petition should not be time-barred by the one-year

statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP