UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

NAZIR GUMAN,

               Petitioner,

            -against-

LEON PAYANT, Superintendent,
Mohawk Correctional Facility,

               Respondent.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ FEB 06 2007 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER
06-CV-6315 (BMC)

COGAN, United States District Judge:

By petition dated November 13, 2006, *pro se* petitioner Nazir Guman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 Queens County conviction. By Order dated December 5, 2006, petitioner was directed to show cause by affirmation within 60 days why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred, as it was filed beyond the limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Petitioner's affirmation, received on December 18, 2006, fails to demonstrate that the instant petition is timely and petitioner's arguments are insufficient to warrant equitable tolling. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

The AEDPA creates a one year statute of limitations for petitioners to file for a writ of habeas corpus. 28 U.S.C. § 2244 (d)(1). Petitioner alleges that on July 7, 2004, he was sentenced in Queens County Supreme Court to seven to 14 years in prison for Criminal Sale of a Controlled Substance in the Third Degree. See Petition at 1. Petitioner did not appeal his conviction. Since

petitioner did not appeal his conviction, his judgment of conviction became final on August 6, 2004, thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Therefore, petitioner had until August 8, 2005 to file a timely habeas corpus petition. The instant petition, dated November 13, 2006, was filed more than one year after the expiration of the one-year statute of limitation period.

Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner states that on December 21, 2005, he filed a motion pursuant to N.Y. Criminal Procedure Law 440.10 ("440"). See Petition at 4, ¶ 11. Petitioner does not state the date his motion was denied by the trial court, but states that on July 17, 2006, the Appellate Division denied his appeal of the denial of that motion. On August 21, 2006, petitioner sought leave to appeal the denial of his 440 motion to the Court of Appeals, which denied his application on October 31, 2006. See Petition at 6, ¶ 12. Petitioner further states that on July 28, 2006, he filed a second, identical 440 motion, but does not state when this motion was denied. See Petition at 4, ¶ 11(b). Petitioner also states that he filed

another 440 motion on December 21, 2005, which was denied on February 3, 2006. See Affirmation at 3, ¶ (i). It is unclear whether petitioner presently has a motion pursuant to N.Y. Criminal Procedure Law 440.20 pending in the trial court. See Petition at 8, ¶ (d).

Although petitioner filed State post-conviction motions, his motions were filed after the one-year statute of limitations period had already expired, and, therefore, cannot serve to toll the limitations period under § 2244(d)(2) to render the instant habeas corpus petition timely. Smith, 208 F.3d at 16.

Equitable Tolling

Petitioner argues that the limitations period for filing the petition should be equitably tolled because he was never informed by the trial court, the prosecutor or his defense attorney that he had a right to appeal his conviction. See Affirmation at 1. Petitioner "asserts that had he been properly informed of his rights to appeal that a timely appeal would have been filed." Id. Petitioner further alleges that his trial attorney was ineffective because he failed to file an appeal on petitioner's behalf. Affirmation at 1-2. Petitioner also argues that the limitations period should be equitably tolled because "he is a native of Guyanna, South America, with only a ninth grade education." Affirmation at 3, ¶ (f).

In "rare and exceptional" circumstances, the AEDPA's one year statute of limitations is subject to equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). To benefit from equitable tolling, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and that he acted with "reasonable diligence" during the period he seeks to toll. McGinnis, 208 F.3d at 17. Equitable tolling "requires the petitioner to demonstrate a causal relationship between the

3

extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner's lack of awareness that he had a statutory right to appeal and his attorney's failure to file a notice of appeal on his behalf do not toll the statute of limitations period. It is a long-standing rule that the petitioner bears the burden of learning the applicable procedural rules in federal court and abiding by them when seeking review. This rule applies when an individual is represented by counsel, see U.S. v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994) ("Ignorance of the law or rules does not, in general, constitute 'excusable neglect'") but also applies when the individual is acting *pro se*. See Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

Therefore, petitioner's arguments here are insufficient to warrant equitable tolling. See Ayala v. Miller, 03 CV 3289, 2004 WL 2126966, at * 2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations"); Gillyard v. Herbert, 01 Civ. 3427, 2003 WL 194692, at *3 (S.D.N.Y. Jan. 30, 2003) (petitioner's *pro se* status, and concomitant ignorance of the law, does not equitably toll the AEDPA) (collecting cases); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); Wilson v. Bennett, 188 F.Supp.2d 347, 354 (S.D.N.Y. 2002) ("lack of legal knowledge cannot excuse a delay in filing a petition"); De La Rosa v. Keane, 2001 WL

4

1525257, at *2 (E.D.N.Y. Nov. 13, 2001) (difficulty with English language does not warrant tolling); Quezada v. Artuz, 2001 WL 1262402, at *2 (E.D.N.Y. Oct. 17, 2001) (petitioner's lack of English proficiency and lack of representation do not justify equitable tolling); Martinez v. United States, 2000 WL 863121, *1 (S.D.N.Y. June 28, 2000) (lack of legal expertise and training and failure of the Government to educate him as to his rights and the applicable rules are insufficient to warrant equitable tolling); Zorilla v. Artuz, 2000 WL 328881, at *1 (S.D.N.Y. March 29, 2000) (citations omitted) (*pro se* status and ignorance of the law are insufficient to warrant equitable tolling); Zarvela v. Artuz, 1999 WL 1487595, at *2 (E.D.N.Y. December 3, 1999), rev'd on other grounds, 254 F.3d 374 (2d Cir. 2001) (lack of access to a law clerk, illiteracy, lack of English fluency and ignorance of the law are insufficient to demonstrate that circumstances effectively prohibited petitioner from filing in a timely manner); Shin v. Walker, 1999 WL 345285, at *2 (E.D.N.Y. May 24, 1999) ("[p]etitioner's claimed ignorance of the AEDPA's requirements does not excuse his failure to timely file the petition"); Fennel v. Artuz, 14 F.Supp.2d 374, 377 (S.D.N.Y. 1998) (equitable tolling to remedy common problems among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations); and Brown v. Superintendent, Elmira Corr. Facility, 1998 WL 75686 at *4 (S.D.N.Y. February 23, 1998) ("a self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations").

## CONCLUSION

Petitioner fails to demonstrate any extraordinary circumstances which would warrant the Court's equitable tolling of the AEDPA's limitations period. Therefore, the instant petition is dismissed as time-barred. A certificate of appealability shall not issue as petitioner has not made

5

a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lucidore v. New York State Div. Of Parole, 209 F.3d 107 (2d Cir. 2000); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
February 2, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK